# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

**JERRY W. THACKER,**
    Plaintiff,

vs.                                                 Case No: 3:06cv58/RV/MD

**STATE OF FLORIDA.**
    Defendant.
_____

## ORDER and
## REPORT AND RECOMMENDATION

      This cause is before the court upon plaintiff's civil rights complaint (doc. 1) filed pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 1983, and his motion to proceed *in forma pauperis* (doc. 2). Plaintiff also seeks to invoke this court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367. Good cause having been shown, leave to proceed *in forma pauperis* will be granted. However, upon review of plaintiff's complaint, the court concludes that dismissal of this case is warranted.

      Plaintiff brings this action against the State of Florida seeking compensatory and punitive damages for the State's alleged misconduct in relation to his plea agreement. Specifically, plaintiff alleges the following: "I signed an agreement with the prosecutor in Walton County, to terminate my probation early after all fines were paid, they (State of Florida) refuses [sic] to terminate it." (Doc. 1, p. 3). Plaintiff asserts that the foregoing conduct constitutes fraud and breach of contract, as well as a violation of his Fourteenth Amendment rights.

      Since plaintiff is proceeding *in forma pauperis*, the court may dismiss the case if satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(B). A complaint is frivolous under section 1915(d) "where it lacks an arguable basis either in law or in fact."

*Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," *Id.* at 327, 109 S.Ct. at 1833, or when the claims rely on factual allegations that are "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 31, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). The allegations of the complaint are taken as true and are construed in the light most favorable to the plaintiff. *Davis v. Monroe County Bd. Of Educ.*, 120 F.3d 1390, 1393 (11th Cir. 1997). The complaint may be dismissed only if it appears beyond doubt that plaintiff can prove no set of facts that would entitle him to relief. *Brown v. Budget Rent-A-Car Systems, Inc.*, 119 F.3d 922, 923 (11th Cir. 1997).

It is well settled that a plaintiff may not bring a § 1983 action for monetary damages against a state, state agency, or state officials in their official capacities. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64, 109 S.Ct. 2304, 2308, 105 L.Ed.2d 45 (1989); *Miller v. King*, 384 F.3d 1248, 1259 (11th Cir. 2004); *Edwards v. Wallace Community College*, 49 F.3d 1517, 1524 (11th Cir. 1995).[1] Furthermore, absent waiver or express congressional abrogation, neither of which is present in this case, the Eleventh Amendment prohibits a damages suit brought by a private individual against a state in federal court. *Kentucky v. Graham*, 473 U.S. 159, 167 n. 14, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985); *Gamble v. Florida Dep't of Heath and Rehabilitative Servs.*, 779 F.2d 1509, 1511 (11th Cir. 1986). Based on the foregoing, plaintiff's claims for damages against the State of Florida must be dismissed.

Alternatively, this damages suit should be dismissed based upon the Supreme Court decision in *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). In *Heck*, the Supreme Court ruled that a claim under 42 U.S.C. § 1983 that by its nature challenges the lawfulness of a conviction or sentence is not cognizable

---

[1]In *Edwards*, the Eleventh Circuit explained that "[a] state, a state agency, and a state official sued in his official capacity are not 'persons' within the meaning of § 1983, thus damages are unavailable; but a state official sued in his official capacity is a person for purposes of § 1983 when prospective relief, including injunctive relief, is sought." 49 F.3d at 1524 (citing *Will*, 491 U.S. at 71, n. 10, 109 S.Ct. at 2312, n. 10).

unless and until the sentence or conviction is "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Id.* at 487, 114 S.Ct. at 2372.  Absent such an invalidation, the section 1983 suit must be dismissed. *Id.*  In the instant case, were this court to find in favor of plaintiff, it would necessarily imply that plaintiff's current term of probation is invalid.  As it is clear from the face of the complaint that plaintiff's probationary term has not been invalidated, he cannot bring a § 1983 claim for damages as a result of it.

Having dismissed all federal claims, the undersigned recommends that the court, in its discretion pursuant to 28 U.S.C. § 1367(c)(3), decline to exercise supplemental jurisdiction over any state law claims.  *See United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966).

Accordingly, it is ORDERED:

Plaintiff's motion to proceed *in forma pauperis* (doc. 2) is GRANTED.

And it is respectfully RECOMMENDED:

1.  That plaintiff's federal claims be DISMISSED WITH PREJUDICE under 28 U.S.C. § 1915(e)(2)(B)(iii).

2.  That plaintiff's state law claims be DISMISSED WITHOUT PREJUDICE to his re-filing them in state court.

3.  That the clerk be directed to close the file.

At Pensacola, Florida this 7th day of February, 2006.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  See 28 U.S.C. § 636;** *United States v. Roberts***, 858 F.2d 698, 701 (11th Cir. 1988).**