**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

JERRY W. THACKER,
    Plaintiff,

vs.                                               Case No.: 3:06cv58/RV/MD

STATE OF FLORIDA,
    Defendant.
_____/

## ORDER

       This cause comes on for consideration upon the magistrate judge's report and recommendation dated February 7, 2006. The plaintiff has been furnished a copy of the report and recommendation and has been afforded an opportunity to file objections pursuant to Title 28, United States Code, Section 636(b)(1), and I have made a <u>de novo</u> determination of those portions to which an objection has been made. Having considered the report and recommendation and all objections thereto timely filed, I have determined that the report and recommendation should be adopted. However, I add the following to specifically address the plaintiff's objections.

       The plaintiff's complaint alleges that he entered into a plea bargain with the State Attorney's Office in Walton County, Florida, and the state prosecutor allegedly breached the terms of the agreement. In his complaint, the plaintiff seeks only monetary damages, but in his objection to the magistrate judge's report and recommendation, the plaintiff contends that he is primarily seeking enforcement of the plea bargain. Specifically, the plaintiff alleges that the state prosecutor promised that his probationary period would be terminated early, but he is still on probation despite the prosecutor's alleged promise. Nevertheless, to the extent that the plaintiff seeks to enforce the terms of his state plea bargain, the plaintiff's complaint should also be dismissed.

The magistrate judge dismissed the plaintiff's complaint, in part, based on the Supreme Court of the United States' decision in Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383. In Heck v. Humphrey, the Supreme Court held that a damages claim under Section 1983 that challenges the validity of a conviction or sentence is not cognizable unless and until the sentence of conviction is "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. §2254." Id. at 487, 114 S. Ct. at 2374.

While Heck v. Humphrey addresses the issue of a monetary damages claim under Section 1983, it is also well established that even if a state prisoner in a section 1983 action seeks only prospective injunctive relief, the district court must treat the claim as a petition for writ of habeas corpus if the relief requested under Section 1983 would undermine the prisoner's conviction. Kroger v. State of Florida, 130 Fed. Appx. 327 (11th Cir. 2005)(citing Edwards v. Balisok, 520 U.S. 641, 648, 117 S. Ct. 1584, 1589, 137 L. Ed. 2d 906 (1997)). See also, Wolff v. McDonnell, 418 U.S. 539, 94 S. Ct. 2963, 41 L. Ed. 2d 935 (1974); See also, Preiser v. Rodriquez, 411 U.S. 475, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973).[1] Thus, to obtain injunctive relief in a civil rights action, a plaintiff must show that the relief will not "necessarily imply" the invalidity of his conviction or sentence. Edwards v. Balisok, supra, 520 U.S. at 648, 117 S. Ct. at 1589.[2]

---

[1] It should be noted that the plaintiff apparently has a habeas corpus petition pending before the Supreme Court of Florida, and an appeal from post conviction relief pending before Florida's First District Court of Appeals.

[2] A person placed on probation is restrained of his liberty to such a degree as to fall within the scope of the habeas corpus statute. See Ex parte Bosso 41 So. 2d 322 (Fla. 1949)(holding that a person put on probation was sufficiently restrained by the order of probation to justify the court's testing its validity by way of habeas

Here, the plaintiff's claim of breach of contract and fraudulent misrepresentation based on the alleged deceit of the state prosecutor necessarily calls into question the lawfulness of the plaintiff's continuing probation.  For example, the Supreme Court of the United States has held that a plea bargain is contractual in nature and that when the prosecution breaches it the underlying legal basis for the plea fails.  Santobello v. New York, 404 U.S. 257, 92 S. Ct. 495, 30 L. Ed. 2d 427 (1971).  Accordingly, when a plea is based on unfulfilled promises of the prosecutor, the constitutional due process rights guaranteeing a fair trial are violated. Id.  As the former fifth Circuit held almost thirty years ago:

> The law concerning broken plea bargains is well settled.  We have recognized that a plea bargain is contractual in nature and when the prosecution breaches it the underlying legal basis for the plea fails [citations omitted].

Jones v. Estelle, 584 F.2d 687, 689 (5th Cir. 1978).  Thus, the state court is the appropriate forum to consider the underlying sentence and to devise the proper remedy. Id. at 262-63, 92 S. Ct at 499; Hayes v. Maggio, 699 F.2d 198, 204 (5th Cir. 1983); Dunn v. Colleran, 247 F.3d 450, 458 (3d Cir. 2001).

Since the plaintiff's complaint requests this court to enforce the terms of his plea bargain, which necessarily involves the validity or the invalidity of his conviction or probationary sentence, his complaint is essentially an application for writ of habeas corpus under Title 28, United States Code, Section 2254. However, Section 2254 requires a state prisoner to exhaust all of his available remedies in state court before seeking habeas relief in federal court. According to the plaintiff, he has not exhausted his state remedies at this time.   Therefore, the plaintiff's claim for specific enforcement of his plea bargain, like his claim for monetary damages, is not cognizable

---

corpus.). See also, Caldwell v. Dretke, 429 F.3d 521 (5th Cir. 2005); Chaker v. Crogan, 428 F.3d 1215 (9th Cir. 2005); Lee v. Stickman, 357 F.3d 338, 342 (3d Cir. 2004).

under Section 1983, and it must be dismissed for failure to exhaust state remedies under Title 28, United States Code, Section 2254.

Accordingly, it is now ORDERED as follows:

1. The plaintiff's federal Section 1983 claims are DISMISSED WITH PREJUDICE under 28 U.S.C. §1915(e)(2)(B)(iii).

2. The plaintiff's habeas corpus claims and state law claims are DISMISSED WITHOUT PREJUDICE to his pursuing or re-filing them in state court.

3.     The Clerk is directed to close the file.

DONE AND ORDERED this 15th day of February, 2006.

*/s/ Roger Vinson*
**ROGER VINSON**
**Senior United States District Judge**